**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Luis Diego Ontiveros-Salinas,
Petitioner
-vs-
Eric Rokosky, et al.,
Respondents.

CV-26-6418-PHX-JFM

**Order**

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed September 10, 2026 (Doc. 1).

**Background** – The essential facts are not in dispute. Petitioner is a citizen of Mexico, of unknown entry, who had been residing in the United States off and on since he was three years old, for some twenty years. In 2017 he departed, and then returned again in 2022. His first encounter with immigration officials was on October 10, 2025, when Petitioner was detained by immigration officials upon his release from jail on a one-day sentence on charges of marijuana possession. Petitioner has not had a bond detention hearing. An order of removal to Mexico was entered on June 22, 2026. Petitioner has appealed that decision to the Board of Immigration Appeals (BIA), which appeal remains pending.

**Briefs** – Petitioner's Petition (Doc. 1) argues: (1) his prolonged detention is a violation of his Fifth Amendment Due Process rights, citing alternatively *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); and (2) he is being unlawfully detained pursuant to the mandatory detention provision of 8 U.S.C. § 1225, while he can only properly be detained pursuant to 8 U.S.C. § 1226(a), and is entitled to a bond hearing. Petitioner argues administrative exhaustion should be excused because he presents constitutional and statutory claims. Petitioner seeks

an order for release, not bond, citing his lack of a sponsor or ability to post a bond.

Respondents' Response (Doc. 7) argues: (1) Respondent Rokosky is the only proper respondent; (2) Petitioner is detained under 8 U.S.C. § 1226(a), but can seek a custody redetermination; (3) Petitioner has failed to exhaust and procedurally defaulted[1] on his administrative remedies; and (4) Petitioner's detention under § 1226(a) survives Due Process review under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Respondents oppose immediate release, and urge Petitioner to administratively seek a custody redetermination.

Petitioner's Reply (Doc. 8) acknowledges Respondents concession on the proper basis of his detention, but cites to his already completed prolonged detention without a custody determination is not permissible and argues for release, citing the underlying due process analysis in *Zadvydas* and the questions left undecided in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) based on his prolonged detention. Petitioner argues the constitutional nature of his claims as avoiding any exhaustion requirement.

**<u>Detention Authorized by § 1226</u>** - The detention of "unadmitted aliens entering the United States at the border [is governed by] § 1225(b)(2)(A), and the detention of "unadmitted aliens present in the interior of the country [is governed by] § 1226." *Vazquez*, 183 F.4th at . Respondents do not contend (and there is no record to show) that Petitioner was entering at (or near) a border when he was detained, and Respondents concede application of § 1226. The Court concludes § 1226 controls Petitioner's detention. Thus Petitioner's statutory claim is moot.

**<u>Available Administrative Remedies Unexhausted</u>** – Under 8 U.S.C. § 1226, Petitioner has the right to seek a custody redetermination. This is an administrative remedy available to Petitioner to obtain relief from his custody, and Petitioner has plainly not availed himself of that opportunity.

---

[1] Respondents do not explain how, given the assertion that a custody redetermination remains available, Petitioner can be said to have "procedurally defaulted" on his administrative remedies.

Ordinarily, an immigration habeas petitioner is required to exhaust available administrative remedies before pursuing a claim on habeas, as a matter of judicial prudence. *Castro-Cortez v. I.N.S.*, 239 F.3d 1037 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 36 and n. 5 (2006). But, "exhaustion of administrative remedies is not required where exhaustion would have been futile." *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 552 (9th Cir. 1997). This can apply "where the agency's position on the question at issue "appears already set," and it is "very likely" what the result of recourse to administrative remedies would be." *El Rescate Legal Servs., Inc. v. Exec. Off. of Immigr. Rev.*, 959 F.2d 742, 747 (9th Cir. 1991).

For much of the period of Petitioner's detention, it might have been argued that had Petitioner attempted to seek relief under § 1226 he would have been rebuffed based on the very arguments rejected in *Vasquez* that § 1225 (not § 1226) governed virtually any alien. But *Vasquez* had been decided for almost two months prior to Petitioner's Petition, and yet Petitioner made no effort to utilize the administrative remedy.

**Exhaustion of Unaddressable Constitutional Claim Not Required** - As part of the "futility" exception, an exception to the exhaustion requirement has been carved out for constitutional challenges, because the BIA has no jurisdiction to adjudicate constitutional challenges to the immigration statutes. Thus petitioners may raise such claims for the first time in the courts. *Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir. 1994). However, if the claim is merely an allegation of procedural error which is correctable by the BIA, couched in constitutional terms (e.g. a denial of due process), then exhaustion would be required. *See Rashtabadi*, 23 F.3d at 1567.

Here, Petitioner's surviving constitutional claim is based on the duration of his detention, presenting a constitutional, substantive due process challenge not conditioned upon any procedural error by immigration officials. Consequently, exhaustion of administrative remedies on Petitioner's duration argument is not required. Such argument would "not implicate the INA, and could not possibly involve review of the [administration's] exercise of its discretionary power." *Wang v. Reno*, 81 F.3d 808, 815

(9th Cir. 1996). Respondents proffer nothing to suggest the Immigration Judge and the BIA would have any authority to decide this constitutional issue, only to exercise the discretion under § 1226 to grant parole based on a lack of danger and flight risk under the conditions (including bond) which might be imposed on release. Petitioner's argument is that he is entitled to release absent any such determinations or conditions.

***Mathews* Inapplicable** – Respondents argue that the constitutionality of Petitioner's detention should be determined under the rubric of *Mathews v. Eldridge*, 424 U.S. 319 (1976) (balancing individual's liberty interest, risk of erroneous deprivation, and government's interests).

But *Mathews* is wholly a procedural due process case. It answers the limited question what degree of process is due for protection of a given right. *See Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (*Mathews* is not "an all-embracing test for deciding due process claims" but determines "the adequacy of the method used to give notice"). It is a tool "to determine whether a pre-deprivation hearing is required and what specific procedures must be employed at that hearing given the particularities of the deprivation." *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015).

Thus, the *Mathews* analysis is inapplicable to Petitioner's substantive due process argument which does not challenge the procedures used to decide to detain him, but whether the Government can (whatever procedure is used) detain him for this long a period of time.

**Petitioner's Detention Not Indefinite** – In *Zadvydas*, the Court similarly evaluated a substantive due process claim on prolonged detention, but *Zadvydas* was based on detention that was not just prolonged, but indefinite. "A statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690. In particular it concerned aliens who had a final order of removal but the Government was unable to execute the removal order, and had no basis to argue it would be able to do so in the reasonably foreseeable future, just that it was not impossible.

Here, in contrast, Petitioner's detention is not indefinite. It may be indeterminate

because the time required to complete Petitioner's administrative appeal (and any ensuing judicial appeal with a stay of removal imposed) is uncertain. But eventually those matters can reasonably be expected to conclude.

**Substantive Due Process Violated** - In challenges based solely on prolonged detention,

> courts generally consider five factors to determine if immigration detention has become punitive and thereby violates substantive due process. Those factors are: (1) the length of detention and whether it is excessive in relation to its regulatory purpose; (2) the government's contribution to any delay; (3) the evidence supporting the determination that detention is warranted to prevent flight risk or community danger; (4) whether the government interests in ensuring appearance at future proceedings and protecting the community could be protected through alternatives to detention that are less harsh; and (5) the conditions of detention and how they compare to conditions under which pretrial criminal detainees or people convicted of crimes are held.

*Doe v. LaRose*, - - - F. Supp. 3d - - -, 2026 WL 2415261, at *3 (S.D. Cal. Aug. 18, 2026) (cleaned up). Respondents proffer nothing to suggest that Petitioner's continued detention passes muster under this (or any other) substantive due process analysis.

Here, given Respondents' burden of proof, the **first factor (length and excessiveness)** leans to finding a violation. Petitioner's detention has continued for almost an entire year, although it is unclear whether this is excessive in relation to the regulatory purposes of completing the removal process (flight risk). Clearly, however, there is nothing before the Court to show that Petitioner is a "particularly dangerous individual[ ]." *Zadvydas*, 533 U.S. at 691. At most, the record shows he has committed a minor drug infraction calling for a one-day sentence.

Similarly, the record before the Court shows no special danger to the community. And Petitioner self-reported for jail time, suggesting he is not a flight risk. Accordingly the **third factor (flight risk, danger)** leans to finding a violation.

Regarding the **second factor (cause of delay)** Respondents proffer nothing to explain the delay in Petitioner's removal proceedings, which continued for almost 9 months before a removal order was entered. And they certainly offer nothing to suggest

the delay was attributable to Petitioner.

Finally, Respondents proffer nothing to suggest that alternatives, including customary reporting, is not sufficient to ensure appearance and prevent danger. Indeed, they invite Petitioner to utilized administrative procedures to seek release on that basis. Accordingly, the **fourth factor** (**alternatives to detention**) leans toward finding a violation.

The Court has before it no information on the conditions of Petitioner's confinement beyond information generally known to the Court that the immigration facilities in Arizona function like jails or prisons, with comparable restrictions on movement, outside contact, etc.. Accordingly, the Court finds the **fifth factor (conditions)** leans toward finding a violation.

Accordingly, the Court concludes on the limited record before it that Petitioner's detention is violation of substantive due process.

**<u>Appropriate Remedy</u>** - The form of relief in a habeas proceeding is within the discretion of the Court.

> "[The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Federal courts have a fair amount of flexibility in fashioning specific habeas relief. "A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require and is not required to order petitioner's immediate release from physical custody."

*Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citations omitted).

In the absence of any showing on the issues of dangerousness or flight, the Court finds release, upon conditions, the appropriate remedy.

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** as described herein.

(B) Respondents must **IMMEDIATELY RELEASE** Petitioner, without bond, subject to conditions ordinarily imposed on aliens released on their own recognizance (i.e.

abiding with laws, regular reporting, etc.).

(C) Respondents must file a **NOTICE OF COMPLIANCE** within **three days** of releasing Petitioner, including the particulars of the release (time, conditions, etc.).

(D) Absent a significant change in Petitioner's circumstances (which would include the commencement of the removal period by administrative finality of Petitioner's removal order and judicial finality (if a judicial stay of removal is entered) of such order), Respondents must not re-detain Petitioner without prior written notice and an opportunity to be heard on the reasons for the re-detention and consideration of bond.

(E) Any pending motions are **DENIED** as moot.

(F) The Clerk of Court must enter **JUDGMENT** in Petitioner's favor and **CLOSE** this case.

Dated: October 7, 2026

26-6418-001o Order 26 10 07 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge